Decedent executed a will in 1932 naming the Rutherford Trust Company as executor and deposited this will with the Trust Company where it remained undisturbed until after her death.
In 1935, she executed another will which contained a clause revoking all prior wills. This will she kept in her possession for some time, and upon her death, it was not to be found. Probate as a lost will was sought of this 1935 document resulting in litigation which was carried to the Court of Errors and Appeals and resulted in a decree denying the probate.
The court found that the presumption of destruction animorevocandi under the circumstances shown had not been met by the proponent and that the asserted lost will had no validity.
The Surrogate's Court granted probate of the 1932 will which was reversed by the Orphans Court and an appeal is now taken to this court.
It is the contention of the respondents here, who were named as beneficiaries under the 1935 will, that the 1932 will was revoked so that decedent died intestate. In my opinion, this contention is unsound.
A will may be revoked by either one of two methods; one, by intentional destruction by a testator, and two, by a later will. There is no claim that the 1935 will was destroyed.
A will takes effect only upon the death of the testator and then only if it be a valid will at that time. The Court of Errors and Appeals has found that the 1935 will had no effect as a will on the ground that decedent had presumably destroyed it. This, necessarily, means that the 1935 document could have no effect whatever and, therefore, could not have taken effect as a revocation of a prior will.
The parties to the present suit were all parties to the prior litigation and, therefore, the finding of the Court of Errors and Appeals is res judicata.
It is well settled that a revocation clause in a second will which itself is, for any reason, invalid has no effect upon a *Page 284 
prior will. In Randall v. Beatty, 31 N.J. Eq. 643 (at p.646), the court says:
"The true rule on the subject is that where one will is revoked by another the revocation is testamentary, and the revocation of the latter will revives the former."
The same effect is In re Block, 15 N.J. Mis. R. 233 (at p.239), the court says:
"If the second will containing the revocation clause is destroyed before death, it never took effect. If it never took effect it could not have affected the first will. If the first will has not been affected, it stands, as executed, without any revivor."
And again (at p. 241):
"Applying these simple principles to the case at bar, we urge the result that, first, the presumed destruction of the 1928 will, will revoke it; second, the destruction of the 1928 will before testator's death, prevented its revocation clause from taking effect; third, the 1922 will having been preserved in a safe place for testator, at his direction, was not revoked by him. Therefore, the 1922 will not in evidence will be admitted to probate."
A decree will be advised reversing the decree of the Orphans Court and granting probate to the 1932 will. *Page 285